48 F.3d 563
 310 U.S.App.D.C. 387
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Wellington MOY, Appellant.
 No. 93-3002.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 18, 1995.
 
 Before: SILBERMAN, WILLIAMS, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the judgment of the United States District Court is hereby affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Wellington Moy appeals from his conviction in the district court for distribution of cocaine base, 21 U.S.C. Secs. 841(a)-(b), attempted distribution of cocaine base, id. and Sec. 846, and use of a telephone to facilitate distribution of cocaine base, id. Sec. 843(b). Moy contends that the district court erred in denying his motion to suppress and abused its discretion in admitting rebuttal evidence discovered in the search of Moy's property. We affirm.
 
 
 5
 The Reasonableness of the Search. Moy principally challenges the constitutionality of the search on the ground that the warrant authorizing a search of the entire building (three floors and a basement) was overbroad and unsupported by the affidavit or police knowledge. He maintains that the supporting affidavit provided probable cause only to search a part of the building where a drug purchase had been made, that the police investigation and resulting affidavit failed to support a reasonable conclusion that the building was a single dwelling, and that the warrant therefore failed to describe with particularity the place to be searched.
 
 
 6
 Although a search of the building ultimately revealed the presence of a separate apartment on the second floor, the information available to the police and set forth in the affidavit reasonably supported a conclusion that the building was a single dwelling controlled exclusively by Moy. Thus, the instant case is analogous to and controlled by United States v. Logan, 998 F.2d 1025, 1031-32 (D.C.Cir.), cert. denied sub nom. Robinson v. United States, 114 S.Ct. 569 (1993). The recorded conversation between Moy and the government informant indicated that Moy had remodeled an apartment building solely for his own use, including office space and space for his mother to stay during her visits. The police observed the building on three occasions and saw only Moy leaving it. Although the informant had visited only the first floor to complete a drug transaction in Moy's office, the police could reasonably conclude that Moy kept drugs elsewhere in a building that he controlled, particularly in light of the quantity of drugs involved. Taken together, this information supports the police officers' conclusions that the entire building was used by Moy as his own residence and that a search of the entire premises was reasonable based on evidence that Moy was engaged in a large-scale narcotics operation out of his home.
 
 
 7
 Moreover, even if the police had seen three doorbells on the building--Sergeant Dade testified that he "did not notice a bell"--their presence could be explained by Moy's statement that the building had been an apartment building. Given the totality of the circumstances known by the police, see Illinois v. Gates, 462 U.S. 213 (1983), the presence of the doorbells alone does not outweigh the general "dearth of external indicia of multiple occupancy." United States v. Dorsey, 591 F.2d 922, 930 (D.C.Cir.1978). There was no evidence of separate mailboxes or other signals of multiple use, such as listings of names at the front door. The district court, therefore, did not err in concluding that the warrant was valid.
 
 
 8
 Execution of the Search Warrant. Moy also contends that the execution of the search warrant violated 18 U.S.C. Sec. 3109 because the police failed to announce their authority and purpose in Chinese. However, the district court could properly conclude that the police met their Sec. 3109 notice obligation. The police had information from which they reasonably could have concluded that the building was occupied solely by Moy, who spoke English and who had been arrested earlier. Prior to entering Moy's building, the officers knocked loudly and announced their authority and purpose in English. Moy cites no authority that suggests such procedures are unreasonable.
 
 
 9
 Inevitable Discovery of the Money. Moy further contends that the district court erred in denying the suppression motion because the government failed to prove by a preponderance of the evidence that the prerecorded police money--concededly discovered in Moy's building as a result of a violation of his Miranda rights--would have been inevitably discovered. See Nix v. Williams, 467 U.S. 431 (1984). The evidence supports the district court's contrary finding. Sergeant Dade testified that at the time he received the tainted information over the telephone, Investigator Plant was in the process of "searching from the top shelf down" the very set of shelves where the money was located. Moy's reliance on inventory search cases--United States v. Gale, 952 F.2d 1412 (D.C.Cir.), cert. denied, 112 S.Ct. 1302 (1992); United States v. $639,558.00 in U.S. Currency, 955 F.2d 712 (D.C.Cir.1992)--is misplaced since there was no clear error in the district court's finding that, as in Nix, the police field investigation would have inevitably uncovered the evidence without the tainted information.
 
 
 10
 Admission of Rebuttal Evidence. Finally, Moy's contention that the district court abused its discretion in admitting rebuttal evidence of cocaine and drug paraphernalia discovered in Moy's building is meritless. The district court properly ruled that the defense had opened itself to rebuttal regarding the ownership of drug matter found in the government informant's hotel room. The defense introduced evidence that the government's informant was selling cocaine from his hotel room. In rebuttal, the government offered evidence that the cocaine and drug paraphernalia allegedly found in the informant's room by the defense investigators four months after Moy's arrest (and in a hotel managed by Moy's brother) was similar to cocaine and drug paraphernalia discovered in Moy's residence. The circumstances regarding the alleged discovery of drugs--the long delay before their discovery by Moy's investigators, combined with the control of the hotel by Moy's brother--reasonably opened the door for the government to suggest that Moy (through his brother) might have planted the discrediting evidence; the presence of similar paraphernalia in Moy's residence would bolster the government's argument that Moy had such an opportunity. Moreover, any error would have been harmless in light of other strong evidence (including video and audio tapes) that Moy was engaged in wholesale drug transactions. See United States v. Childs, 598 F.2d 169 (1979).